IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN BERNARD JOHNSON, #1099929,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | 3:07-CV-0385-R<br>ECF |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated robbery in the 363rd Judicial District Court, Dallas County, Texas, in Cause Nos. F01-57080-LW and F01-57079. (Petition (Pet.) at 2). Punishment was assessed at thirty-five years imprisonment. (*Id.*). The Court of Appeals affirmed his convictions and sentences. *See*

*Johnson v. State*, Nos. 05-02-00594-CR and 05-02-00595-CR (Tex. App. -- Dallas, Jun. 20, 2003, not pet.).[1]

On January 15, 2004, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure (*see* Attachments), which the TCCA denied without written order on the findings of the trial court without a hearing on March 1, 2006. *Ex parte Johnson*, Nos. 59,175-01 and 59,175-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=226336 and 226305.

In this federal petition, filed on March 1, 2007, Petitioner raises the following grounds: denial of an evidentiary hearing, perjured testimony, and ineffective assistance of counsel.[2]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The District Court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[3]

---

[1] The docket sheet for Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/02/05020594.HTM.

[2] For purposes of this recommendation, the petition is deemed filed on February 26, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[3] On March 19, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing this federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on July 20, 2003, the last day on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. Therefore, the one-year period began to run on July 21, 2003, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of January 15, 2004, the date on which Petitioner filed his art. 11.07 applications (*see*

---

limitations should be tolled on equitable grounds. Petitioner filed his response to the Court's show cause order on April 2, 2007.

Attachments), 178 days of the one-year limitation period elapsed. The state application remained pending until it was denied on March 1, 2006, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on March 2, 2006, and expired 187 days later on September 5, 2006 – 173 days before Petitioner can be deemed to have filed the federal petition in this case. Therefore, the federal petition is clearly time barred unless the one-year statute of limitations is tolled on equitable grounds.[4]

In response to the court's order to show cause, Petitioner alleges that the federal petition is timely because it was submitted within one year of denial of his state application on March 1, 2006. (Pet's Response at 1, filed April 2, 2007). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction. 28 U.S.C. § 2244(d)(1)(A). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as

---

[4] The pendency of the motion for leave to file petition for writ of mandamus, *see In re Johnson*, WR-59,175-03, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=232964, does not provide any additional statutory tolling. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

every other circuit that has construed § 2244(d), has interpreted it in this way. *See Fields,* 159 F.3d at 916. [5]

Next, Petitioner alleges that he is entitled to equitable tolling because he "diligently sought relief through direct appeal and the state's habeas courts." (Pet's Resp. at 2-3).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own pleadings reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed the filing of his art. 11.07 application by 178 days after his conviction became final. Following the denial of his state application, Petitioner delayed almost one full year before submitting this federal petition for filing. Petitioner provides no explanation for either of the above delays, which appear to have been of Petitioner's own making. Such unexplained delays do not make the circumstances of this case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5

---

[5] Petitioner's reliance on *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998), a merits review case, is inapposite.

(N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), *findings adopted*, 2003 WL 21961502 (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, \*4. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 6th day of August, 2007.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

# ATTACHMENTS